UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>SEAN CANTKIER, SCOT LADY, JEFFREY ALTMIRE, MICHAEL HALLER, LISA ROYE, ALAN LESTOURGEON, KEAN LEE LIM, and GREG RIVERA,<br><br>    Defendants. | Case No. 1:09-cv-00894-CKK |

**STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION AND SETTLEMENT OF CLAIMS AS TO DEFENDANT JEFFREY ALTMIRE**

On May 14, 2009, Plaintiff Federal Trade Commission ("FTC"), pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), filed a Complaint for Permanent Injunction and Other Equitable Relief against One or More Unknown Parties Misrepresenting Their Affiliation with the Making Home Affordable Program. On June 18, 2009, the FTC filed its Amended Complaint naming Sean Cantkier, Scot Lady, Jeffrey Altmire, Michael Haller, Lisa Roye, Alan LeStourgeon, Kean Lee Lim, and Greg Rivera as defendants. The FTC and Defendant Jeffrey Altmire hereby stipulate to the entry of this Final Order for Permanent Injunction and Settlement of Claims ("Order").

### FINDINGS

By stipulation of the parties and being advised of the premises, the Court finds:

1.      This is an action by the FTC instituted under Sections 5 and 13(b) of the FTC Act, 15 U.S.C. §§ 45 and 53(b). The Amended Complaint seeks both permanent injunctive relief



and consumer redress for Defendant Jeffrey Altmire's alleged deceptive acts or practices as alleged therein.

2.   The FTC has the authority under Section 13(b) of the FTC Act to seek the relief it has requested, and the Amended Complaint states a claim upon which relief can be granted against Defendant Jeffrey Altmire.

3.   This Court has jurisdiction over the subject matter of this case and has jurisdiction over Defendant Jeffrey Altmire. Venue in the District of Columbia is proper.

4.   The activities of Defendant Jeffrey Altmire, as alleged in the Amended Complaint, are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5.   The FTC and Defendant Jeffrey Altmire stipulate and agree to entry of this Order, without trial or final adjudication of any issue of fact or law, to settle and resolve all matters in dispute arising from the conduct alleged in the Amended Complaint to the date of entry of this Order. This settlement does not settle and resolve any matters not alleged in the Amended Complaint. Defendant Jeffrey Altmire does not admit any of the allegations set forth in the Amended Complaint, other than the jurisdictional facts, merely by stipulating and agreeing to the entry of this Order.

6.   Defendant Jeffrey Altmire waives all rights to seek judicial review or otherwise challenge or contest the validity of this Order. Defendant Jeffrey Altmire also waives any claim that he may have held under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order. Each settling party shall bear its own costs and attorneys fees.

7.   This action and the relief awarded herein are in addition to, and not in lieu of, other remedies as may be provided by law, including both civil and criminal remedies.

8.  Entry of this Order is in the public interest.

## DEFINITIONS

For the purposes of this Order, the following definitions shall apply:

1.  "*Assisting others*" includes, but is not limited to, providing any of the following goods or services to another person: (A) performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; (B) formulating or providing, or arranging for the formulation or provision of, any telephone sales script or any other marketing material, including but not limited to, the text of any Internet website, email, or other electronic communication; (C) providing names of, or assisting in the generation of, potential customers; (D) performing marketing services of any kind; or (E) acting or serving as an owner, officer, director, manager, or principal of any entity.

2.  "*Credit*" means the right granted by a creditor to a debtor to defer payment of debt or to incur debt and defer its payment.

3.  "*Debt relief good or service*" means any good, service, plan, or program, including debt management plans, debt settlement, debt negotiation, and for-profit credit counseling, represented, expressly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a consumer and one or more unsecured creditors, servicers, or debt collectors, including but not limited to, a reduction in the balance, interest rate, or fees owed by a consumer to an unsecured creditor, servicer, or debt collector.

4.  "Defendant" means Defendant Jeffrey Altmire.

5.  "*Financial related good or service*" means any good, service, plan, or program that is represented, expressly or by implication, to (A) provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit, debit, or stored value cards;

(B) improve, or arrange to improve, any consumer's credit record, credit history, or credit rating; (C) provide advice or assistance to any consumer with regard to any activity or service the purpose of which is to improve a consumer's credit record, credit history, or credit rating; (D) provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, a loan or other extension of credit; (E) provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, debt relief goods or services; (F) provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving any service represented, expressly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a consumer and one or more secured creditors, servicers, or debt collectors.

6. ***"Federal homeowner relief or financial stability program"*** means any program (including its sponsoring agencies, telephone numbers, and Internet websites) operated or endorsed by the United States government to provide relief to homeowners or stabilize the economy, including but not limited to (A) the Making Home Affordable Program; (B) the Financial Stability Plan; (C) the Troubled Asset Relief Program and any other program sponsored or operated by the United States Department of the Treasury; (D) the HOPE for Homeowners program, any program operated or created pursuant to the Helping Families Save Their Homes Act, and any other program sponsored or operated by the Federal Housing Administration; or (E) any program sponsored or operated by the United States Department of Housing and Urban Development ("HUD"), the HOPE NOW Alliance, the Homeownership Preservation Foundation, or any other HUD-approved housing counseling agency.

7. ***"For-profit"*** means any activity organized to carry on business for the profit of the entity engaging in the activity or that of its members.

8.  ***"Material fact"*** means any fact that is likely to affect a person's choice of, or conduct regarding, goods or services.

9.  ***"Mortgage loan modification or foreclosure relief service"*** means any good, service, plan, or program that is represented, expressly or by implication, to assist a consumer in any manner to (A) stop, prevent, or postpone any home mortgage or deed of trust foreclosure sale; (B) obtain or arrange a modification of any term of a home loan, deed of trust, or mortgage; (C) obtain any forbearance from any mortgage loan holder or servicer; (D) exercise any right of reinstatement of any mortgage loan; (E) obtain, arrange, or attempt to obtain or arrange any extension of the period within which the owner of property sold at foreclosure may cure his or her default or reinstate his or her obligation; (F) obtain any waiver of an acceleration clause contained in any promissory note or contract secured by a deed of trust or mortgage on a residence in foreclosure or contained in that deed of trust; (G) obtain a loan or advance of funds that is connected to the consumer's home ownership; (H) avoid or ameliorate the impairment of the consumer's credit record, credit history, or credit rating that is connected to the consumer's home ownership; (I) save the consumer's residence from foreclosure; (J) assist the consumer in obtaining proceeds from the foreclosure sale of the consumer's residence; (K) obtain or arrange a pre-foreclosure sale, short sale, or deed-in-lieu of foreclosure; (L) obtain or arrange a refinancing, recapitalization, or reinstatement of a home loan, deed of trust, or mortgage; (M) audit or examine a consumer's mortgage or home loan application; or (N) obtain, arrange, or attempt to obtain or arrange any extension of the period within which the renter of property sold at foreclosure may continue to occupy the property. The foregoing shall include any manner of claimed assistance, including, but not limited to, debt, credit, budget, or financial counseling;

receiving money for the purpose of distributing it to creditors; contacting creditors or servicers on behalf of the consumer; and giving advice of any kind with respect to filing for bankruptcy.

10.  *"Person"* means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

11.  *"Servicer"* means any beneficiary, mortgagee, trustee, loan servicer, loan holder, or other entity that performs loan or credit account administration or processing services and/or its authorized agents.

## ORDER

### I. BAN ON MORTGAGE LOAN MODIFICATION AND FORECLOSURE RELIEF SERVICES

**IT IS THEREFORE ORDERED** that Defendant Jeffrey Altmire, whether acting directly or through any other person, is permanently restrained and enjoined from:

A.  Advertising, marketing, promoting, offering for sale, or selling any mortgage loan modification or foreclosure relief service; and

B.  Assisting others engaged in advertising, marketing, promoting, offering for sale, or selling any mortgage loan modification or foreclosure relief service.

### II. PROHIBITED REPRESENTATIONS

**IT IS FURTHER ORDERED** that Defendant Jeffrey Altmire and his successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with (1) the advertising,

marketing, promotion, offering for sale or sale of any good or service related to, or represented as related to, any federal homeowner relief or financial stability program, or (2) the acquisition of marketing leads for the sale of any financial related good or service, are hereby permanently restrained and enjoined from:

    A.    causing, or assisting others to cause, an advertisement to be placed on an Internet search results page, that:

        1.    contains a hyperlink that is labeled "MakingHomeAffordable.gov," "financialstability.gov, or any other term that identifies any federal homeowner relief or financial stability program, or that contains the top-level domain name "gov;"

        2.    misrepresents any person's affiliation with any federal homeowner relief or financial stability program; or

        3.    appears in response to an Internet search that contains any term that identifies any federal homeowner relief or financial stability program.

    B.    causing, or assisting others to cause, the Internet browsers of consumers who click on a hyperlink labeled "MakingHomeAffordable.gov," "financialstability.gov, or any term that identifies any federal homeowner relief or financial stability program, or that contains the top level domain name "gov," to be directed to any website other than the actual website represented, expressly or by implication, by the hyperlink label; or

    C.    misrepresenting, or assisting others who are misrepresenting, expressly or by implication:

        1.    the person that operates www.makinghomeaffordable.gov, www.financialstability.gov, or other federal homeowner relief or financial stability program;

2. that any person is affiliated with, endorsed or approved by, or otherwise connected to any other person, government entity, any federal homeowner relief or financial stability program, or any other program;

3. any person's ability to improve or otherwise affect a consumer's credit record, credit history, credit rating, or ability to obtain credit;

4. That any person can improve any consumer's credit record, credit history, or credit rating by permanently removing negative information from the consumer's credit record, credit history, or credit rating, even where such information is accurate and not obsolete;

5. Any aspect of any debt relief good or service, including but not limited to, the amount of savings a consumer will receive from purchasing, using, or enrolling in such debt relief good or service; the amount of time before which a consumer will receive settlement of the consumer's debts; or the reduction or cessation of collection calls;

6. that a consumer will receive legal representation; or

7. any material aspect of the performance, efficacy, nature, or characteristics of the good or service.

### III. MONETARY RELIEF

**IT IS FURTHER ORDERED** that:

A. Judgment is hereby entered against Defendant Jeffrey Altmire in the amount of SEVEN THOUSAND ONE HUNDRED FIFTY ONE DOLLARS ($7,151);

B. Any funds received by the FTC pursuant to this Section shall be deposited into a fund administered by the FTC or its agent to be used for equitable relief, including but not limited to consumer information remedies and/or disgorgement to the U.S. Treasury of ill-gotten monies, as the FTC determines to be reasonably related to the practices alleged in the Amended

Complaint. Defendant Jeffrey Altmire shall have no right to challenge the FTC's choice of remedies or the manner of distribution.

C.  Defendant Jeffrey Altmire relinquishes all dominion, control, and title to the funds paid to the fullest extent permitted by law. Defendant Jeffrey Altmire shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise.

D.  Defendant Jeffrey Altmire agrees that the facts as alleged in the Amended Complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by the FTC to enforce its rights to any payment or money judgment pursuant to this Order, including but not limited to a nondischargeability complaint in any bankruptcy case. Defendant Jeffrey Altmire further stipulates and agrees that the facts alleged in the Amended Complaint establish all elements necessary to sustain an action pursuant to, and that this Order shall have collateral estoppel effect for purposes of Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A).

E.  The judgment entered pursuant to this Section is equitable monetary relief, solely remedial in nature, and not a fine, penalty, punitive assessment or forfeiture.

F.  Upon request, Defendant Jeffrey Altmire is hereby required, in accordance with 31 U.S.C. § 7701, to furnish to the FTC his tax identification number, which shall be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

G.  Pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency may furnish a consumer report concerning Defendant Jeffrey Altmire to the FTC, which shall be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

## IV. COOPERATION WITH FTC

**IT IS FURTHER ORDERED** that Defendant Jeffrey Altmire shall, in connection with this action or any subsequent investigation or litigation related to or associated with the transactions or the occurrences that are the subject of the FTC's Amended Complaint, cooperate in good faith with the FTC and appear at such places and times as the FTC shall reasonably request, after written notice, for interviews, conferences, pretrial discovery, review of documents, and for such other matters as may be reasonably requested by the FTC. If requested in writing by the FTC, Defendant Jeffrey Altmire shall appear and provide truthful testimony in any trial, deposition, or other proceeding related to or associated with the transactions or the occurrences that are the subject of the Amended Complaint, without the service of a subpoena, *provided, however,* that Defendant Jeffrey Altmire shall be entitled to receive any witness fees and expenses allowable pursuant to Federal Rule of Civil Procedure 45.

## V. COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating compliance with any provision of this Order:

A. Within ten (10) days of receipt of written notice from a representative of the FTC, Defendant Jeffrey Altmire shall submit additional written reports, which are true and accurate and sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and provide entry during normal business hours to any business location in Defendant Jeffrey Altmire's possession or direct or indirect control to inspect the business operation;

B. In addition, the FTC is authorized to use all other lawful means, including but not limited to:

    1.  obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45 and 69;

    2.  posing as consumers and suppliers to Defendant Jeffrey Altmire, his employees, or any other entity managed or controlled in whole or in part by him, without the necessity of identification or prior notice; and

  C.  Defendant Jeffrey Altmire shall permit representatives of the FTC to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present.

**Provided however,** that nothing in this Order shall limit the FTC's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## VI. COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

  A.  For a period of three (3) years from the date of entry of this Order,

    1.  Defendant Jeffrey Altmire shall notify the FTC of the following:

      a.  any changes in his residence, mailing addresses, and telephone numbers, within ten (10) days of the date of such change;

      b.  any changes in his employment status (including self-employment), and any change in his ownership in any business entity, within ten (10) days of the

date of such change. Such notice shall include the name and address of each business that he is affiliated with, employed by, creates or forms, or performs services for; a detailed description of the nature of the business; and a detailed description of his duties and responsibilities in connection with the business or employment; and

      c.     any changes in his name or use of any aliases or fictitious names;

    2.     Defendant Jeffrey Altmire shall notify the FTC of any changes in structure of any business entity that he directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including but not limited to: incorporation or other organization; a dissolution, assignment, sale, merger, or other action; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; or a change in the business name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any proposed change in the business entity about which Defendant Jeffrey Altmire learns less than thirty (30) days prior to the date such action is to take place, he shall notify the FTC as soon as is practicable after obtaining such knowledge.

    B.     One hundred eighty (180) days after the date of entry of this Order and annually thereafter for a period of three (3) years, Defendant Jeffrey Altmire shall provide a written report to the FTC, which is true and accurate and sworn to under penalty of perjury, setting forth in detail the manner and form in which he has complied and is complying with this Order. This report shall include, but not be limited to:

    1.     his then-current residence address, mailing addresses, and telephone numbers;

2. his then-current employment status (including self-employment), including the name, addresses, and telephone numbers of each business that he is affiliated with, employed by, or performs services for; a detailed description of the nature of the business; and a detailed description of his duties and responsibilities in connection with the business or employment; and

3. a copy of each acknowledgment of receipt of this Order, obtained pursuant to the Section titled "Distribution of Order;" and

4. any other changes required to be reported under Subsection A of this Section.

C. Defendant Jeffrey Altmire shall notify the FTC of the filing of a bankruptcy petition by him within fifteen (15) days of filing.

D. For the purposes of this Order, Defendant Jeffrey Altmire shall, unless otherwise directed by the FTC's authorized representatives, send by overnight courier all reports and notifications required by this Order to the FTC, to the following address:

> Associate Director for Enforcement
> Federal Trade Commission
> 600 Pennsylvania Avenue, N.W., Room NJ-2122
> Washington, D.C. 20580
> RE: *FTC v. Sean Cantkier, et al.*, Case No. 1:09-cv-00894-CKK
> (D.D.C.)

*Provided* that, in lieu of overnight courier, Defendant Jeffrey Altmire may send such reports or notifications by first-class mail, but only if he contemporaneously send an electronic version of such report or notification to the FTC at: <u>DEBrief@ftc.gov.</u>

E. For purposes of the compliance reporting and monitoring required by this Order, the FTC is authorized to communicate directly with Defendant Jeffrey Altmire.

## VII.  RECORD KEEPING PROVISIONS

**IT IS FURTHER ORDERED** that, for a period of six (6) years from the date of entry of this Order, in connection with any business where (1) Defendant Jeffrey Altmire is the majority owner of the business or directly or indirectly manages or controls the business, and (2) the business is engaged in (a) the advertising, marketing, promotion, offering for sale or sale of (i) any mortgage loan modification or foreclosure relief service, or (ii) any other good or service related to, or represented as related to, any federal homeowner relief or financial stability program, or (b) the acquisition of marketing leads for the sale of any good or service, Defendant Jeffrey Altmire and his agents, employees, officers, corporations, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from failing to create and retain the following records:

    A.    accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

    B.    personnel records accurately reflecting:  the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

    C.    customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

    D.    complaints and refund requests (whether received directly, indirectly, or through any third party) and any responses to those complaints or requests;

E.      copies of all sales scripts, training materials, advertisements, or other marketing materials; and

F.      all records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, copies of acknowledgments of receipt of this Order required by the Sections titled "Distribution of Order" and "Acknowledgment of Receipt of Order" and all reports submitted to the FTC pursuant to the Section titled "Compliance Reporting."

## VIII. DISTRIBUTION OF ORDER

**IT IS FURTHER ORDERED** that, for a period of three (3) years from the date of entry of this Order, Defendant Jeffrey Altmire shall deliver copies of the Order as directed below:

A.      Individual Defendant as Control Person:  For any business that Defendant Jeffrey Altmire controls, directly or indirectly, or in which he has a majority ownership interest, Defendant Jeffrey Altmire must deliver a copy of this Order to (1) all principals, officers, directors, and managers of that business; (2) all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting." For current personnel, delivery shall be within five (5) days of service of this Order upon Defendant Jeffrey Altmire. For new personnel, delivery shall occur prior to them assuming their responsibilities. For any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

B.      Individual Defendant as employee or non-control person:  For any business where Defendant Jeffrey Altmire is not a controlling person of a business but otherwise engages in

conduct related to the subject matter of this Order, Defendant Jeffrey Altmire must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct.

C.  Defendant Jeffrey Altmire must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant to this Section.

## IX. ACKNOWLEDGMENT OF RECEIPT OF ORDER

**IT IS FURTHER ORDERED** that Defendant Jeffrey Altmire, within five (5) business days of receipt of this Order as entered by the Court, must submit to the FTC a truthful sworn statement acknowledging receipt of this Order.

## X. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

[remainder of page intentionally blank]

SO STIPULATED:

_____
LAWRENCE HODAPP
GREGORY A. ASHE
RONALD ISAAC
Federal Trade Commission

Attorneys for Plaintiff

Stipulated Final Order
for Jeffrey Altmire
09CV894

_____
JEFFREY ALTMIRE, Defendant

_____
JAN MEDOFF
Attorney for Defendant Jeffrey Altmire

IT IS SO ORDERED, this ___15th___ day of ___January___, 2010.

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge